IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT DREYER,

Plaintiff,

v.

JUSTIN KIDD, in his official capacity as judge of the Marion County Oregon Court,

Defendant.

Case. No. 6:26-cv-1879-MC

OPINION & ORDER

---

MCSHANE, Judge:

*Pro se* plaintiff Robert Dreyer filed a Complaint bringing a 1983 claim against Judge Justin Kidd. ECF No. 1. Plaintiff had a state court case with Judge Kidd presiding. Plaintiff takes issue with the October 30, 2024, Order Judge Kidd issued denying Defendant Santana Insurance's Motion to Dismiss. Plaintiff attaches that Order as Exhibit A to his Complaint here.

Plaintiff's claim is barred by judicial immunity. Judicial immunity is a common law doctrine that protects "the finality of judgements" and "discourage[es] inappropriate collateral attacks . . . by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988) (citing Bradley v. Fisher, 80 U.S. 335, 347 (1871)). "The common law's rationale for these decisions—freeing the judicial process of harassment or

intimidation—has been thought to require absolute immunity even for advocates and witnesses. *Id*. However, even with this immunity, "judicial mistakes or wrongs are open to correction through ordinary mechanisms of review," the appellate process. *Id*.

Because Plaintiff's claim depends on a challenge to a written order issued by Judge Kidd when ruling on a pending motion in an active case, his claim is clearly barred. "Judicial immunity only applies to judicial acts, and not to the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform." *Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021) (internal quotations omitted). A written order denying a motion to dismiss is the epitome of a judicial act entitled to absolute immunity. *See Id.* ("We reject a cramped and illogical reading of a judicial act that would include only instances when a judge expressly decides a formal motion or request."). Justice Kidd's order was "a normal judicial function" taken "around a case then pending before the judge" and "the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Id.* (quoting *Duvall v. Cnty. of Kitsap*, 260 F3.d 1124, 1133 (9th Cir. 2001). In fact, it is difficult to imagine any judicial action that could more clearly be entitled to absolute judicial immunity. For that reason, Plaintiff's claim necessarily fails.

Additionally, Plaintiff's claim clearly fails on the merits. Plaintiff alleges that:

> A review of [Judge Kidd's Order] reveals that the judge abandoned their role as a neutral detached arbiter and actively engaged in unauthorized ex parte legal advocacy and strategic coaching, directed exclusively toward the defendant in that matter.

Compl. 4.

Plaintiff continues:

> In this written document, Judge Kidd denies a motion to dismiss from the defendants and explains why. Judge Kidd then engages in ex parte legal advocacy and coaching directly towards the defendant. Specifically, the judges [sic] written text outlines a strategic script, instructs the defendant on exactly what legal motion

> to file against me and enumerates the precise legal elements required within that motion to guarantee the defendant would win the case.

Compl. 7.

Even glancing at Judge Kidd's actual order, however, reveals that Plaintiff is mistaken. That order, in full, consists of:

> This matter comes before the court on defendant Santana Insurance's Rule 21 Motion to Dismiss. This court denies the motion.
>
> Defendant styles this motion as a Rule 21 Motion to Dismiss, but in so doing, attempts to force a square peg in a round hole. The motion relies on facts outside the complaint concerning the nature of Santana's relationship, or lack thereof, with plaintiff.
>
> Because the motion relies on facts outside of the complaint, defendant will need to use a different tool—perhaps a motion for summary judgment—to assert the argument it attempts to make. And of course, defendant will need sufficient ORCP 47D declarations to support such facts as are necessary to uphold its argument.
>
> Now, therefore, this court denies this motion.
>
> IT IS SO ORDERED.

Compl. Ex. A.

There is nothing unusual—or improper—in a court noting that in ruling on a motion to dismiss, it is generally limited to the allegations pled in the complaint. Additionally, there is nothing improper in noting that a party may refile the evidence at a future date, when the court is not limited solely to the four corners of the complaint. Finally, even if Judge Kidd's ruling was improper—it was not—it would still be entitled to judicial immunity. *See Ashleman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) ("We therefore hold that a conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors."). In short, even if judicial immunity did not bar Plaintiff's claim, Exhibit A demonstrates that Plaintiff's claim fails on the merits.

Because Plaintiff's claim is clearly frivolous, this case is DISMISSED, with prejudice. That Plaintiff paid the filing fee does not alter the fact that this case must be dismissed. "A paid complaint that is obviously frivolous does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process." *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (internal quotations and citation omitted). Although this is a somewhat unusual posture, the Court notes that it is attempting to save Plaintiff from serving Judge Kidd and forcing Judge Kidd to hire an attorney to defend himself. Given that Plaintiff's claims are frivolous and without any legal foundation, Plaintiff would almost certainly be liable for any attorney fees expended by Judge Kidd in defending this baseless action. Indeed, the proper avenue for Plaintiff's disagreement with Judge Kidd's legal rulings is not to file a separate federal action, but rather to simply appeal Judge Kidd's ruling to the Oregon Court of Appeals. Here, Plaintiff has done just that. *See* Mot. Stay, ECF No. 3 (requesting this Court stay the federal action pending resolution of Plaintiff's state court appeal of Judge Kidd's ruling). Plaintiff's Motion to Stay this action pending resolution of his state court appeal, ECF No. 3, is DENIED as moot.

IT IS SO ORDERED.

DATED this 24th day of September 2026.

/s/ Michael McShane
Michael McShane
United States District Judge